STEARNS COAL & LUMBER Co. *v.* JAMESTOWN R. Co. *et al.*

(*Knoxville.* September Term, 1918.)

**1. ESTOPPEL. Inconsistency of conduct.**

While the law of judicial estoppel is ordinarily applied to one who has made an oath to a state of facts in a former judicial proceeding which in a later proceeding he undertakes to contradict, yet it is frequently applied, where no oath is involved, to one who undertakes to maintain inconsistent positions in a judicial proceeding. (*Post, p.* 206.)

Cases cited and approved: Stamper v. Venable, 117 Tenn., 557; Lillard v. Porter, 39 Tenn., 177; Bristol, etc., Trust Co. v. Jonesboro Trust Co., 101 Tenn., 545; Norfolk, etc., R. R. Co. v. Consolidated Turnpike Co., 111 Va., 131; Scanlon v. Walshe, 81 Md., 118.

**2. ESTOPPEL. Judicial estoppel.**

Where defendant railway company's charter and amended charter were on record in the county, when complainant impleaded it as duly organized corporation, complainant in a subsequent suit is estopped, whether the suits be regarded as separate or as one proceeding, from setting up that railway is not a duly organized corporation. (*Post, p.* 207.)

Cases cited and approved: McLemore v. Railroad 111 Tenn., 639; Harris v. Columbia Trust Co., 114 Tenn., 328.

**3. ESTOPPEL. Reliance on former conduct.**

Where in a former suit complainant recognized the right of defendant railway to take the right of way in question, and defendant, believing that it had the right of way, extended its lines in connection therewith, complainant will not be relieved of the position taken in the former suit in subsequent suit in ejectment. (*Post, pp.* 208-209.)

FROM SCOTT.

Appeal from the Chancery Court of Scott County.—
Hon. Hugh G. Kyle, Chancellor.

Wm. Waddle and E. G. Foster, for appellants.

L. D. Smith, J. H. Anderson and John W. Staples,
for appellees.

Mr. Justice Green delivered the opinion of the Court.

This is an action in ejectment brought to recover a
strip of land occupied as a right of way by the Oneida
& Western Railroad Company. This strip runs about
four miles through the lands of the complainant.

A demurrer was interposed by the defendants below,
which was sustained by the chancellor, and the com-
plainant has appealed.

The bill avers that the Jamestown Railway Company
was duly incorporated in October, 1912; that on July 3,
1913, an amendment was attempted to be made to the
charter of the Jamestown Railway Company, whereby
its name was changed to the Oneida & Western Rail-
road Company, and whereby its termini were changed.
It is charged that there is no authority under the stat-
utes of Tennessee for such a radical amendment, that
is, a change of the termini by way of amendment, and
it is accordingly insisted that the amendment is void,
and the Oneida & Western Railroad Company is not
a legally organized corporation.

The bill further discloses that in May, 1916, the com-
plainant brought a damage suit in the criminal and law

court of Scott county against the Oneida & Western Railroad Company for damages for going upon its lands, but it is said:

"At the time it brought said damage suit in the criminal and law court it had not investigated the attempted amendment of the Oneida & Western Railway Company, and was not advised as to the actual situation of the Oneida & Western Railway Company, and that the Oneida & Western Railway Company had no authority to do as it was attempting to do, by taking charge of complainant's land, committing trespass and waste thereon, as it was attempting to do."

And the bill insisted that: "Said suit in the criminal and law court should be enjoined in this proceeding, and all questions settled in this court and in this proceeding, where complainant can reach its equitable rights," etc.

It was prayed that the suit in the criminal and law court of Scott county be enjoined, and that "the attempted Oneida & Western Ry. Co. be decreed to be void and of no effect and inoperative," and that the complainant have a decree for the land, damages, and costs.

The demurrer interposed by the defendants raised several interesting questions, namely, the validity of the amendment of the charter of the Jamestown Railway Company, the power of a *de facto* corporation to exercise the right of eminent domain, and the question of election of remedies, and other questions.

We do not find it necessary to consider all of these things, inasmuch as the complainant is, in our opinion, judicially estopped to maintain its present bill.

While the law of judicial estoppel is ordinarily applied to one who has made oath to a state of facts in a former judicial proceeding which in a later proceeding he undertakes to contradict, yet it is frequently applied, where no oath is involved, to one who undertakes to maintain inconsistent positions in a judicial proceeding. *Stamper* v. *Venable*, 117 Tenn., 557, 97 S. W., 812.

It has twice been held by this court that one who sues a corporation as such thereby admits the legality of its incorporation, and is thereafter estopped from denying such legal organization in that suit. *Lillard* v. *Porter*, 2 Head (39 Tenn.), 177; *Bristol, etc., Trust Co.* v. *Jonesboro Trust Co.*, 101 Tenn., 545, 48 S. W., 228.

Another illustration of this rule is found in *Norfolk, etc., R. R. Co.* v. *Consolidated Turnpike Co.*, 111 Va., 131, 68 S. E., 346, Ann. Cas., 1912A, 239, where an assignee of a condemnor in the first suit relied on the validity of the condemnation, and in the latter suit undertook to challenge the condemnor's right of eminent domain.

So, in *Scanlon* v. *Walshe*, 81 Md., 118, 31 Atl., 498, 48 Am. St. Rep., 488, a wife averred in divorce proceedings brought against her husband that she had been continent. Later she undertook to establish that certain children born in wedlock were children of another man, so as to permit them to share in the estate of her paramour, which they were entitled to do under a Maryland statute. It was held that she was estopped by her averment of fidelity in the divorce proceedings to later set up that she had been unfaithful to her husband.

Applying these authorities to the case in hand, inasmuch as this complainant brought its damage suit in the criminal and law court of Scott county to recover from the Oneida & Western Railroad Company, suing the latter as a corporation entitled to the right of eminent domain, we think complainant is now estoppel to take a different position.

This is certainly true if the damage suit and the present suit be regarded as constituting one proceeding, and we think another view cannot fairly be taken. The bill in this case asks for an injunction of the damage suit and that all matters raised therein be terminated and settled herein. The complainant itself thus undertakes to unify the two suits.

On the other hand, if the two proceedings be treated as separate, nevertheless we think the complainant is estopped from making averments in this bill antagonistic to the position assumed by it in the damage suit. It is true that parties will be relieved of statements made by them in former proceedings, when such statements were inconsiderate, and when other sufficient matters of excuse appear. *McLemore* v. *Railroad,* 111 Tenn., 639, 69 S. W., 338; *Harris* v. *Columbia Trust Co.,* 114 Tenn., 328, 85 S. W., 897.

The complainant, however, offers no excuse for the position taken by it in the damage suit, when it impleaded the Oneida & Western Railroad Company as a duly organized corporation which had taken complainant's land in the exercise of the right of eminent domain. Complainant merely says "it had not investigated" these matters when it brought its damage suit.

"The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice, and to a greater or less degree on the orderliness, regularity, and expedition of litigation." 10 R. C. L., 698.

If this rule be indeed based on orderliness, regularity, and expedition of litigation, the courts cannot except from its operation those who precipitate litigation without investigation. Haphazard procedure may not be thus condoned.

This is not a case like *McLemore* v. *Railroad,* supra, where the statements of which the complainant was relieved were made respecting a complicated title, nor is it a case like the *Columbia Trust Co.* v. *Harris,* supra, where the allegation was with respect to the *status* of a foreign corporation.

In the case before us, the charter and the amended charter were matters of record in the county where this suit was brought, and we can see no reason why the complainant should be excused for not investigating when an investigation was so easy to make.

Moreover, a complainant will not be relieved of a position taken in a former litigation in a subsequent litigation between the same parties, where the adverse party has acted to his prejudice by reason of the complainant's former attitude. This rule is recognized in our cases just referred to, and is said to be a rule of universal application in 10 R. C. L., p. 702.

It was stated at the bar, and we may judicially note, that the Oneida & Western Railroad was in course of

construction at the time the damage suit was brought in Scott county. During the period that elapsed between the bringing of the damage suit and the filing of the bill herein, work was done on this line of railroad. By the damage suit the complainant recognized the right of the railroad company to enter and taken this right of way; and, believing that it had these four miles, the railroad company extended its lines in connection therewith. To deprive the company of this four miles of its route would destroy the value of the extensions made on the faith of complainant's position.

The court sees little of equity in the complainant's bill. It is the owner of a large tract of timber land, the value of which will necessarily be much enhanced by this line of railroad. It is entitled to recover in its damage suit full reparation for any injury it has sustained.

The ends of justice will not be reached by permitting complainant to depart from the route through the law court it has chosen. On the contrary, such a departure might destroy this new railroad, or make it necessary for the promoters of the railroad to preserve their property at the complainant's price. As a beneficiary of this public improvement, the complainant has small justification for the obstruction of such improvement, and the court will not aid such a course by making any exception to well-settled rules of practice in complainant's favor.

Without further comment, for the reasons stated, the decree of the chancellor will be affirmed, and complainant's bill dismissed.