W. A. RADFORD, et al., v. A. L. LITTLETON, et al.

Western Section. May 11, 1928.

Petition for Certiorari denied by Supreme Court, June 15, 1929.

362

Lytton Taylor and M. H. Goldston, of Paris, for appellant.
Lewis & Rhodes, of Paris, for appellee.

OWEN, J.   W. A. Radford and wife, complainants, recovered a judgment against A. L. Littleton and wife, Mrs. Emma Littleton, in the chancery court of Henry county, for the sum of $125. The defendants excepted to the decree of the court and prayed, were granted, and have perfected an appeal to this court.   They have assigned three errors, but said three assignments only raise one proposition, and that is, that the complainants should have been denied any recovery because the complainants are estopped from claiming they failed to get title to a lot that had been sold by the defendants to the complainants.

It appears that on May 13, 1922, the defendants conveyed by warranty deed, a small lot in the town of Puryear, just east of the railroad station, for a consideration of $125, to the complainants.   Sometime after this conveyance the town of Puryear, through its proper officers, filed a bill against the complainants and defendants to this suit and recovered the lot that defendants had conveyed to the complainants, it being adjudged by the court in the case of Wilkerson, et al. v. Radford, et al., that the tract or lot sought to be recovered in that case and being the same lot that the defendants in the instant case had conveyed to complainants was a street and that the defendants did not own the strip of land when they conveyed it to the complainants in the instant case.   None of the defendants to the cause of Wilkerson, et al. v. Radford, et al., appealed, and that judgment became final.

The instant case was instituted on the theory that the defendants had received $125 for the piece of property which they undertook to convey, but did not own; that there was a mutual mistake of vendors and vendees; that complainants failed to get any title, and complainants charged that they were entitled to a rescission of their contract with the defendants for the purchase of said lot, and complainants tendered a deed with their bill reconveying any interest they might have in said land to the defendants.   The defendants admitted the execution of the deed but insisted as complainants had denied in the cause of Wilkerson, et al. v. Radford, et al., that they (complainants) had any title and that a valid title and ownership was in the complainants in the instant case, that therefore the complainants are now estopped from taking a different position in the present case.   The question to be determined is whether the complainants are now estopped by any act or conduct on their part with reference to their dealings with the defendants.

Perhaps no other technical legal term is more loosely used than the term "estoppel."   It is used sometimes merely to indicate the exist-

ence of an ordinary, prior paramount right in the opposite party. For instance, a person cannot claim under an instrument without confirming it. A grantee is not ordinarily estopped to deny his grantor's title. He may claim title under another conveyance, and one in possession of lands, claiming same as his own, does not admit title in another by purchasing the other's claim, of title to quiet his own and avoid litigation, and is not estopped by the purchase from denying the validity of the claim thus purchased.

In the Wilkerson case there was a joint answer by the complainants and the defendants in the present litigation, and we are of opinion that the defendants in the instant case cannot use the joint answer that was filed in the Wilkerson case as an estoppel against the complainants in the present case for the benefit of the defendants.

On the principle that, to work an estoppel the other party must have been influenced and must suffer injury if a contradiction is permitted, it has been held that if, after levy of execution on property as that of the execution defendant, a third party institutes a statutory trial of the right thereto, and such defendant testifies therein that the property under levy is not his, but belongs to such claimant, he is not thereby estopped upon judgment subjecting the property to the satisfaction of such execution, from claiming the property as exempt at any time prior to the execution sale. R. C. L., Vol. 10, p. 699.

The rule that a party will not be allowed to maintain inconsistent position in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice and, to a greater or less degree, on consideration of the orderliness, regularity and expedition of litigation.

There is no insistence that the complainants swore to the joint answer they made with the defendants in the Wilkerson case.

"While the law of judicial estoppel is ordinarily applied to one who has made oath to a state of facts in a former judicial proceeding which in a later proceeding he undertakes to contradict, yet it is frequently implied, where no oath is involved, to one who undertakes to maintain inconsistent positions in a judicial proceeding." Stamper v. Venable, 117 Tenn., 557, 97 S. W., 812; Stearns Coal & Lbr. Co. v. Jamestown R. Co., 141 Tenn., 206, 208 S. W., 334, and Sartain v. Dixie Coal & Iron Co., 150 Tenn., 657, 266 S. W., 313.

Judge Malone, in delivering the opinion of the court in the latter case, said:

"While in unusual cases it might be necessary to apply the rule of judicial estoppel, when the sworn statement was made in the proceeding under consideration, we think that such a case should be exceptional. Thus, in Johnston v. C., N. O. & T. P. Railway, 146 Tenn., 135, 240 S. W., 429 (a case involving both inconsistency and estopped

by oath) the only evidence relied upon to sustain a verdict of the jury, upon certain vital issues of fact was the evidence of complainant, who swore with equal positiveness on both sides of the question. But ordinarily, in such cases, the rights of the parties may be worked out by the application of the doctrine of 'inconsistency' alone, or other legal principles.

We are of opinion that the principles announced in the cases from which we have quoted and cited do not apply in the instant case. The defense here is founded upon equitable estoppel and we are of opinion that in applying principles of equity the complainant is not estopped from maintaining the position that he has taken in the instant case.

Counsel for appellant has cited the case of Ault v. Dustin, 100 Tenn., 466, 45 S. W., 981. In the Ault case, the principle announced was that a party who had insisted that a contract had been canceled is not estopped to defend a suit thereupon upon the ground that the other party had breached the contract. The two contentions are not inconsistent, but the latter is included in the former.

The complainant's position in the Wilkerson case worked no injury to the defendants in the instant case. All the parties in the present case made a joint defense in the Wilkerson case. It is also insisted by the defendants that the complainants should have appealed from the decree rendered against them in the Wilkerson case. It was just as much the duty of defendants in the instant case to have appealed in the Wilkerson case as it was their co-defendants, or the complainants in the present case.

It results that we find no error in the decree of the Chancellor. The assignments are overruled and the judgment of the lower court is affirmed. The complainants will recover of the defendants and their surety, J. B. Littleton, on appeal bond, the amount of the judgment rendered in the lower court, with interest thereon from the date of its rendition, and all the cost of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.