HODGES et al. v. HALE et al.—97 S. W. (2d) 454.

Eastern Section. March 28, 1936.

On Petition for Rehearing, June 20, 1936.

Petition for Certiorari denied by Supreme Court, October 10, 1936.

Gladstone White, Cox, Taylor & Epps, and W. E. Miller, all of Johnson City, for plaintiff in error.

Chase & Neel, Cantor & Cantor, and Vines & Vines, all of Johnson City, for defendant in error.

McAMIS, J. Action to contest the will of Mary Elizabeth Hodges, deceased, originating in the county court of Washington county and certified to the circuit court for trial upon the issue of devisavit vel non. The circuit judge denied the contestants Ida Mae Hale and Helen Hodges the right to contest, but sustained the right of the contestant Stanley Hodges to a trial upon the merits. Proponents Roscoe Hodges and Nelle Hodges Stegall have appealed

from this action of the court, and the contestants Ida Mae Hale and Helen Hodges have appealed from the action of the court in holding them estopped from contesting the will by reason of having previously instituted a suit in the chancery court to have said will construed. We will first consider the questions raised by the appeal of Ida Mae Hale and Helen Hodges.

On November 3, 1934, Ida Mae Hale, Helen Hodges, and Stanley Hodges, then a minor suing by his mother as next friend, joining with Roscoe Hodges, as one of the executors under the will of Mary Elizabeth Hodges, filed an original bill in the chancery court under the Declaratory Judgments Act (Code 1932, sec. 8835, et seq.) against Nelle Hodges Stegall in the capacity of coexecutor and as a devisee under said will, seeking a construction of the will and praying for an adjudication of the right of the parties.

The bill alleged the execution of the will, referring to it as the will of Mary Elizabeth Hodges, and alleged that it was probated during the year 1934 and was recorded in the book of wills in the office of the county court clerk of Washington county.

To this bill and an amendment thereto, defendant Nelle Hodges Stegall interposed a demurrer, and upon these pleading the case proceeded to final decree by which the will was construed and the rights of the parties thereunder adjudicated. The complainants prayed and perfected an appeal to the Supreme Court, where the decree of the chancellor was affirmed by decree of the Supreme Court based upon an opinion filed July 1, 1935, now published in Hodges v. Stegall, 169 Tenn., 202, 83 S. W. (2d), 901, 100 A. L. R., 339.

After the filing of the original and amended bills to which we have referred, complainants tendered and sought permission to file a supplemental bill attacking the will upon the grounds of fraud and undue influence. As appears from the opinion of the Supreme Court, supra, it was held that issues of devisavit vel non can only be tried in the circuit court and could not be intruded upon a court of equity and that the chancellor was correct in overruling the motion to file a supplemental bill tendering that issue for trial in the chancery court.

It is the insistence of counsel for proponents that the decrees of the chancery court and of the Supreme Court, based upon the sworn allegation of the bill that the writing sought to be construed and in reference to which the complainants (here contestants) sought and obtained an adjudication of their rights was the will of Mary Elizabeth Hodges also, and of necessity, adjudicated the validity of the will, and that contestants are estopped to now contest its validity upon the grounds of fraud and undue influence.

In Grier v. Canada, 119 Tenn., 17, 107 S. W., 970, 974, it appears that Canada had alleged under oath in other proceedings that he

was the owner of certain property which he had acquired as devisee under a "last will and testament, which was duly probated in the county court of Gibson county, Tenn." In that case, as in the case at bar, there was no express allegation in the former proceedings that the will was a valid testamentary disposition of property, but the court held that Canada was nevertheless estopped to later question the valid execution of the will or the regularity of the probate proceedings. The opinion refers to the allegations in former proceedings with reference to the execution and probate of the will as "solemn admission" of the validity of the will and that it had been legally probated. 119 Tenn., 17, at page 37, 107 S. W., 970.

A case much in point here is that of In re Lloyd's Will, 161 N. C., 557, 77 S. E., 955, 957, decided by the Supreme Court of North Carolina April 9, 1913, wherein it was held that where a beneficiary under a will was made a party defendant to a proceeding to construe a will, his failure to deny the validity of the will or to ask that the other allegations be not passed upon until the caveat which he would file should be adjudicated precludes him from attacking the will after decree is entered. The court said:

"The point now attempted to be raised in this proceeding as to the validity of the will was necessarily passed upon, or admitted, in the former action, and hence the judgment therein is an estoppel."

In Fisher v. Boyce, 81 Md., 46, 52, 31 A. 707, it was held that, where the executors had filed a petition to have the will construed and in which a decree was entered, the parties to that action would be estopped afterwards to allege the invalidity of the will because of duress or fraud.

To the same effect is the Virginia case of Corprew v. Corprew, et al., 84 Va., 599, 5 S. E., 798, the court saying, in reference to a former suit to construe the will, that the validity of the will was necessary to the determination of such a suit and that a decree of a court of competent jurisdiction construing a will according to the prayer and allegations of the bill and answer is conclusive against the same complainant seeking, in a new suit against the same parties, to have said will declared not the will of the testator.

In this case able counsel for contestants make the argument that the bill in the former proceeding expressly alleged that the will was void. However, this charge was made in connection with the disposition of property acquired by the testator under the will of G. W. Hodges. See published opinion in Hodges v. Stegall, supra. We think it is sufficient answer to this contention that the bill assumes a testamentary capacity and that there was no fraud in procurement.

It is also contended that contestants attempted to raise the issue

of the validity of the will by the supplemental bill which the court declined to permit filed and that they should, therefore, not now be cut off from the right to contest.

We think this contention may not be sustained for the reason that contestants (in that case the complainants) sought by the supplemental bill, as the Supreme Court held, to intrude the issue of devisavit vel non directly into the chancery court which was without jurisdiction to try it.

In Simmons v. Leonard, 89 Tenn., 622, 625, 15 S. W., 444, and in State v. Lancaster, 119 Tenn., 638, 653, 105 S. W., 858, 14 L. R. A. (N. S.), 991, 14 Ann. Cas., 953,, it was expressly held that the circuit court has exclusive jurisdiction to try will contests and that it can acquire jurisdiction in such cases only where the contest is instituted in the county court and certified for trial to the circuit court. What effect then can be given an attempt to try the validity of the will in a court having no jurisdiction to try it? We think such an attempt can have no effect upon the rights of the parties. A court of competent jurisdiction was all the while open to contestants to try that issue in the regular way and, under the authority of State v. Lancaster, supra, having instituted suit in the chancery court, they could have asked the court to stay that proceeding pending a trial in the proper forum to test the validity of the will upon the grounds of fraud and undue influence.

We do not think sound practice would permit parties to prosecute to a final adjudication a suit to construe a will and declare the rights of the parties thereunder, assuming it to be valid, and then institute a proceeding to have the will declared void for fraud and undue influence, perhaps, rendering useless the work of the court in the first proceeding. We think the prosecution of such a proceeding to final decree, entailing expense to adversaries and delaying the final distribution of the estate, precludes the adult parties to the first proceeding from later contesting the will. We concur in the holding of the circuit judge that contestants Ida Mae Hale and Helen Hodges are precluded from maintaining the petition to contest by the application of the doctrines of estoppel in pais and judicial estoppel.

The cases of Tate v. Tate, 126 Tenn., 169, 148 S. W., 1042, and Miller v. Miller, 5 Heisk. (52 Tenn.), 723, 727, relied upon by counsel for contestants, are in our opinion not opposed to the foregoing conclusions.

In the Tate Case the court reaffirmed the doctrine of judicial estoppel but held that statements under oath with respect to mere conclusions of law upon undisputed facts did not work an estoppel against the party making them from later setting up the true fact. We base our holding upon the ground that by referring to the will which they sought to have construed as the will of Mary

Elizabeth Hodges and by alleging that it had been probated and recorded as a will, complainants, in the chancery proceeding, admitted the validity of the will and affirmed under oath a state of facts inconsistent with the averments of the present petition to contest just as Canada did in Grier v. Canada, supra.

In the Miller Case it was held that the fact that a widow dissented from her husband's will and had a year's support set aside to her did not estop her from later contesting the will. The court said that her dissent from the will could only be held fairly to mean that she did not propose to be bound by the paper purporting to be a will and that, as against its provisions, she elected to take her legal rights in preference; but that she did not affirm thereby that said paper was properly made, that the testator was not insane, or that it was not procured by fraud or undue influence. We think a distinction may be drawn from the fact that a dissenting widow takes in opposition to the will and not under it. In this case contestants by the bill in chancery sought a construction of the will and an adjudication of their rights under it. The court, in the Miller Case, moreover, approved the application of the doctrine of estoppel in the earlier case of Wynne v. Spiers, 7 Humph., 394, 407, wherein a husband who had previously entered into a compromise decree with the executor named under the will of his wife was held estopped to later contest the will.

It results that the judgment in respect to contestants Ida Mae Hale and Helen Hodges must be affirmed. One-half the costs of appeal will be taxed to contestants and sureties, costs below to remain as there taxed.

The circuit judge was of opinion, and so adjudged, that Stanley Hodges was not estopped to contest the will because he was a minor when the chancery suit was instituted and tried, and, as to him, ordered the cause set down for trial upon the issue of devisavit vel non. As we have already stated, proponents prayed and perfected an appeal from this ruling of the circuit judge and have assigned errors here.

██ A will contest is a proceeding of which the circuit court has exclusive jurisdiction. For this reason the circuit judge was without discretion to grant an appeal from a judgment which was not a final determination of the rights of Stanley Hodges and, the appeal being premature, this court is without jurisdiction to review the holding of the circuit judge overruling the defense of estoppel as to him and setting the case down for trial upon the merits. Payne v. Satterfield, 114 Tenn., 58, 84 S. W., 800. The cause will therefore be remanded for trial upon the merits under the petition of Stanley Hodges. One-half the costs of appeal will be taxed to Nelle Hodges Stegall and surety on her appeal bond.

On Petition to Rehear.

On March 28, 1936, an opinion was rendered affirming the judgment below as to Ida Mae Hale and Helen Hodges and holding the appeal prematurely granted as to Stanley Hodges, upon the theory that the judgment holding Ida Mae Hale and Helen Hodges not entitled to contest the will because of the application of the doctrines of judicial estoppel and estoppel in pais was final as to them but that the judgment as to Stanley Hodges was not final since he was held entitled to trial upon the merits.

Proponent Nelle Hodges Stegall has filed petition to rehear, insisting that the appeal was not premature as to said Stanley Hodges. Upon the authority of Shaller v. Garrett, 127 Tenn., 665, 156 S. W., 1084, and cases therein cited, as well as the later case of Winters v. American Trust Company, 158 Tenn., 479, 486, 14 S. W. (2d), 740, the petition to rehear upon that ground is sustained and a rehearing granted.

As to the effect of the chancery proceeding upon the rights of the adult contestants Ida Mae Hale and Helen Hodges, to now contest the will, in our former opinion we said:

"We base our holding upon the ground that by referring to the will which they sought to have construed as the will of Mary Elizabeth Hodges and by alleging that it had been probated and recorded as a will, complainants, in the chancery proceeding, admitted the validity of the will and affirmed under oath a state of facts inconsistent with the averments of the present petition to contest just as Canada did in Grier v. Canada, supra."

In the case cited, Grier v. Canada, 119 Tenn., 17, 107 S. W., 970, the Supreme Court referred to the allegations in a former proceeding with reference to the execution and probate of the will as a "solemn admission" of the validity of the will and that it had been legally probated. 119 Tenn., 17, at page 37, 107 S. W., 970.

The same thought appears to have been in the mind of the court in Re Lloyd's Will, cited in our previous opinion, when it said:

"The point now attempted to be raised in this proceeding as to the validity of the will was necessarily passed upon, *or admitted*, in the former action." (Italics ours.)

This rationale, although in our opinion fully applicable to the case of adult contestants, cannot be applied to the case of a minor who sued in the former proceeding by a next friend over whose selection he had no control. It is universally held that a next friend cannot waive or admit away any substantial rights of the infant or consent to anything which may be prejudicial to him even by neglect or omission and that any admission or waiver is

ineffectual and not binding upon the infant, although contained in a pleading. 31 C. J., 1143.

Given the effect of operating as an estoppel to later contest the will which effect we have thought proper to give to the chancery proceeding to construe the will and declare rights thereunder, the institution and prosecution of that suit may, in a general sense, be said to have been an election to take under the will rather than contest it upon an issue of devisavit vel non. A next friend has no power or right to make an election. Haggard v. Benson, 3 Tenn. Ch., 268; 31 C. J., 1142.

It has been held that the guardian of a widow of unsound mind has no power to elect for her as between the provisions of a will and her legal rights. Heavenridge v. Nelson, 56 Ind., 90.

The privilege of a waiver is a purely personal right, and if the widow is insane neither she nor her guardian can exercise it. Donald v. Portis, 42 Ala., 29.

It is true that where the court has jurisdiction of the subject matter of litigation upon pleadings putting directly in issue the matter adjudicated, the decree is equally as binding upon infants as upon adults. Puckett v. Wynns, 132 Tenn., 513, 522, 178 S. W., 1184. Where the pleadings raise directly the question adjudicated, the court is thereby apprised of the fact that it is passing upon the rights of the minor and may extend a measure of protection to the rights of the minor as the ward of the court. But we do not think the same may be said of matters only incidentally involved. As to all such matters it is fair to hold that adult parties capable of acting for themselves are concluded, but it is too much to assume that the court in every case where minors are involved must search for issues incidentally raised which may in some manner affect the rights of the infant parties. Yet it could not protect such minors without doing so if the position of proponents is to be sustained. We think we are safe in saying that it did not occur either to the chancellor or to the Supreme Court in the proceeding to construe the will that the effect of the decree was to conclude the minor complainant from later contesting the will upon an issue of devisavit vel non. If the court had entertained that thought, it might have held in abeyance the suit to construe the will until the minor had an opportunity to contest in the county court.

Learned counsel cite the case of Boyd v. Robinson, 93 Tenn., 1, 27, 23 S. W., 72, 79, in support of the insistence that a minor is concluded by issues incidentally raised as well as those raised directly by the pleadings. In that case it appears that the construction of deeds was directly raised in the former proceedings and the court said that ''even if the court's attention was not actually called to the particular points now made in argument on behalf

of the minor Annie D., still that would not prevent the decree rendered from being conclusive as to the parties in said consolidated causes." We infer that the construction of the deeds was directly raised in the first proceedings to which the minor was a party but that the same "points" were perhaps not made in argument. It would, of course, be true that new "points" could not be made in a second proceeding which upon issues directly raised under the pleadings in the first could have been made in that proceeding.

We agree with the circuit judge that the failure of the minor, Stanley Hodges, to appear in the Supreme Court in the short time that intervened after attaining his majority and dismiss the action should not be held to affect his right to later contest the will.

We find no error in the judgment below, and it must be affirmed. Costs will remain as previously taxed.