Nova Cravens

*v.*

Glen Tanner and Crystal Coal Company

(*Nashville,* December Term, 1955.)

Opinion filed April 5, 1956.

Rehearing Denied April 27, 1956.

A. H. Hogue, Jamestown, for petitioner.

Reagan, Neal & Craven, Jamestown, for respondents.

144

Mr. Justice Tomlinson delivered the opinion of the Court.

This appeal is from the Chancellor's decree sustaining a demurrer to a petition filed by Nova Cravens. On a previous appeal in this case by petitioner it was ordered by the Court of Appeals that the case be remanded for the taking of proof as to the value of timber which it was adjudged Mrs. Cravens had illegally cut on lands belonging to a Tennessee Corporation known as Crystal Coal Company. This Court denied *certiorari*.

The commencement of that suit was a bill filed by Mrs. Cravens against Glen Tanner as to the ownership, etc., of this property. Tanner, together with the Crystal Coal Company, filed a cross-bill wherein they successfully maintained allegations of trespass and the ownership of the land in question by the Crystal Coal Company, alleged in the cross-bill to be a Tennessee corporation. Tanner swore to this cross-bill.

The present petition alleges that prior to the commencement of that suit the State of Tennessee had revoked the charter of the Crystal Coal Company for failure to pay its taxes; hence, that the allegation of the

cross-bill to the effect that the Crystal Coal Company is a Tennessee Corporation was false and fraudulent.

Based on that alleged situation, the petition seeks a decree declaring the former decree "to be utterly void for fraud, and petitioner placed in *statu quo*". The reason given by Nova Cravens for not denying the allegation of the cross-bill as to the corporate status of the Crystal Coal Company is that she had confidence in the integrity of Glen Tanner; therefore, assumed this allegation to be true.

■ Section 20-707, T.C.A. provides that in any suit to which a domestic corporation, so alleged, is a party, it shall not be necessary to prove such allegation "unless the corporate existence of such a corporation is denied under oath * * *." The failure of the petitioner in her answer to the cross-bill to deny this allegation amounted, then, to an admission that the Crystal Coal Company is a domestic corporation. Therefore, the question presented is whether Mrs. Cravens will be allowed to maintain this petition asserting the contrary to that which she previously had admitted.

That question under the circumstances of this case was determined in *Stearns Coal and Lumber Company v. Jamestown R. Company,* 141 Tenn. 203, 208 S.W. 334, 335. The complainant's bill in that case sought relief on the ground that the Jamestown Railway Company was not a corporation. In a previous proceedings that complainant had sought to maintain a suit against the Jamestown Railway Company on the allegation that it was a corporation.

In the *Stearns Coal and Lumber Company case, supra,* this Court noted that inasmuch as the charter was a matter of record in the county where the suit was brought, it,

the Court, "can see no reason why the complainant should be excused for not investigating when an investigation was so easy to make." So in the instant case, the petitioner could have inquired as conveniently of the Secretary of State as to the status of the Crystal Coal Company as she did so inquire after she had been cast on the issue made by the pleadings in which she admitted such corporate existence.

In *Stearns Coal and Lumber Company v. Jamestown R. Company* it was noted that if the two suits could be regarded as constituting one proceedings, then it "is certainly true" that "complainant is now estopped to take" the position that the railroad company is not a corporation. In the instant case the petition is in the same proceedings as that in which petitioner has heretofore been cast on the issues made by the pleadings. That Court then held that even though the two proceedings in the case it was considering be treated as separate, still the complainant was estopped from taking the position in its last suit that the railroad company was not a corporation.

Accordingly, the relief sought in *Stearns Coal and Lumber Company, supra,* was denied. In so doing the Court said that the rule forbidding a party to take inconsistent positions in a judicial proceedings is not one strictly of estoppel but is based, " 'to a greater or less degree on the orderliness, regularity, and expedition of litigation.' "

The Court further noted that the foregoing rule "is frequently applied, where no oath is involved, to one who undertakes to maintain inconsistent positions in a judicial proceeding."

The rule applied in the *Stearns Coal and Lumber Com-*

*pany case, supra,* was again discussed with approval in *Sartain v. Dixie Coal and Iron Company,* 150 Tenn. 633, 652-653, 266 S.W. 313, 318. There the Court reiterated the statement that the rule "is not strictly one of estoppel, but rather a rule of positive procedure, necessary for the orderly dispatch of litigation."

*Stearns Coal and Lumber Company v. Jamestown R. Company, supra,* is conclusive here in support of the decree of the Chancellor sustaining a demurrer to the petition.

In conclusion, it is not inappropriate to notice that the Clerk and Master will, no doubt, be careful to pay to the proper parties any money which may be collected from petitioner as a result of the aforesaid order of reference.

Affirmed and remanded with costs of appeal adjudged against petitioner and her sureties.