MRS. VICIE FERGUSON ALLEN, Appellant,

*v.*

BASIL NEAL et al., Appellees.

396 S.W.2d 344.

(*Nashville*, December Term, 1964.)

Opinion filed November 12, 1965.

ALLEN SHOFFNER, Shelbyville, for appellant.

WILLIAM C. SUGG, Fayetteville, ROBERT J. PARKES, Fayetteville, for appellees.

MR. JUSTICE DYER delivered the opinion of the Court.

The issue presented by this appeal is the right of Appellant to contest the will of her aunt. In this opinion

the contestant of the will, Mrs. Vicie Ferguson Allen, will be referred to as Appellant and the proponents of the will, Basil Neal, et al. as Appellees. A short history of events leading up to the case *sub judice* will help to point up the issue.

On 22 December 1962 the holographic will of Mrs. Silena Huffman was probated in the County Court for Moore County. This probate was in common form. Appellant is a legatee under this will and also an heir at law of the testatrix.

On 7 December 1963 Appellees, as duly qualified and acting Executors of the Estate of Silena Huffman, filed their bill in the Chancery Court for Moore County against interested parties, including Appellant, seeking a construction of the will and determination of the rights of all parties. The bill set out the death of the testatrix and the probate of the will in the County Court for Moore County. A photostatic copy of the will was made an exhibit to the bill. Appellant, served with process, elected not to answer and a pro confesso was entered against her. This suit was prosecuted to final judgment and a decree, construing the will and determining the rights of the parties, entered on 13 May 1964.

On 29 June 1964 Appellant, in the case *sub judice,* filed her petition in the County Court of Moore County to contest this holographic Will on the grounds, (1) the paper writing probated in common form as the holographic Will of the said Silena Huffman contained alterations not in the testatrix's handwriting, (2) the testatrix lacked testamentary capacity, and (3) the paper writing was procured by the fraud and undue influence of persons receiving substantial benefits under said purported will. Appellees filed an answer in the County

Court to this petition incorporating therein an affirmative plea of estoppel. This plea of estoppel alleged Appellant was made a party defendant in the suit to construe the will in the Chancery Court of Moore County; that she acknowledged service of process; that a pro confesso was entered against her; that this chancery suit was prosecuted to final judgment; and she is thereby now estopped to contest this will. On this question of estoppel the County Court found against Appellees and they prayed for and were granted an appeal to the Circuit Court for Moore County.

The case was heard in the circuit court, without a jury, upon stipulation of facts with the sole question at issue being the right of the Appellant to contest the will. The trial judge found Appellant was estopped to contest the will as a matter of both equitable and judicial estoppel. The cause is here on appeal by Appellant.

The question presented is whether an adult heir at law of the testatrix and a legatee under a will duly probated, who, having been made a party defendant in a chancery proceeding to construe said will, elects not to answer and has a pro confesso taken against her is then thereby estopped from later contesting the will on the issue of devisavit vel non.

■ One of the necessary elements in equitable estoppel is set out in *Rogers v. Colville,* 145 Tenn. 650, 238 S.W. 80 (1921) as follows:

In order to create an estoppel, the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character, or have been induced to alter his position for the worse in some material respect. As otherwise expressed, where no

available right is parted with and no injury suffered, there can be no estoppel in pais. And a fortiori, an act clearly beneficial to the persons setting up the estoppel, cannot be relied on. In the absence of injury, it is, of course immaterial that the other elements of estoppel are present. 145 Tenn. 650, 238 S.W. 80.

This rule set out in the Rogers case has since been followed in a number of cases: See *Morristown Furniture Co. v. Peoples Natl. Fire Ins. Co.,* 149 Tenn. 214, 259 S.W. 539 (1923); *Church of Christ v. McDonald,* 180 Tenn. 86, 171 S.W.2d 817, 146 A.L.R. 1173 (1943); *Osborne Co. v. Baker,* 35 Tenn.App. 300, 245 S.W.2d 419 (1951).

██ Judicial estoppels arise from sworn statements made in the course of judicial proceedings, generally in a former litigation, and are based on public policy upholding the sanctity of an oath and not on prejudice to adverse party by reason thereof, as in the case of equitable estoppel. *Sartain v. Dixie Coal & Iron Co.,* 150 Tenn. 633, 266 S.W. 313 (1924).

██ We do not think the doctrine of either equitable or judicial estoppel, viewed in its strict sense, is applicable to the facts of this case. Appellees filed this bill in chancery to construe the will, which was necessary in order for the estate to be properly administered. This action was not only clearly beneficial to Appellees but also to anyone who would take under the will. Further we do not find any act by Appellant causing Appellees to be misled to their injury or to cause them to alter their position for the worse in any material respect. Appellant filed no statements, sworn to or otherwise, in the chancery proceedings.

■ There is a line of cases in this State supporting the rule of not allowing a litigant to take an inconsistent position in judicial proceedings. In *Stearns Coal & Lumber Co. v. Jamestown Railway Co.*, 141 Tenn. 203, 208 S.W. 334 (1918) Stearns brought a suit for damages against the Railway Co. in the circuit court by which action, as a matter of law, Stearns admits the legality of the charter of the Railway Co. and would be estopped to later deny such in that suit. Stearns then filed its bill in chancery against the Railway Co. setting out the circuit court action and alleging at the time this circuit court action was brought it was not advised of the situation it now alleges stripped the Railway Co. of its corporate status. The bill prayed the circuit court action be enjoined and in effect all issues be settled in the chancery court. This court held, whether these two proceedings be treated as one or separate actions, Stearns was judicially estopped to maintain the chancery action. In this opinion this court made the following statements.

> While the law of judicial estoppel is ordinarily applied to one who has made oath to a state of facts in a former judicial proceeding which in a later proceeding he undertakes to contradict, yet it is frequently applied, where no oath is involved, to one who undertakes to maintain inconsistent positions in a judicial proceeding. 141 Tenn. 206, 208 S.W. 334.

> The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice, and to a greater or less degree on the orderliness, regularity, and expedition of litigation. 141 Tenn. 208, 208 S.W. 335.

In the case of *Johnston v. Cincinnati, N. O. & T. P. Railway Co.,* 146 Tenn. 135-159, 240 S.W. 429 (1921) the court in speaking of the *Stearns Coal & Lumber Company v. Jamestown Railway Co.,* supra said:

The principle underlying these decisions runs throughout the administration of justice, and is that a litigant who has *deliberately taken a position* will not as a matter of law be allowed to advantage himself by taking an inconsistent one either in the same or in another suit. 146 Tenn. 159, 240 S.W. 436 (emphasis supplied).

The case of *Stearns Coal & Lumber Co. v. Jamestown Railway Co.,* supra has been recently approved by this court in *Cravens v. Tanner,* 200 Tenn. 143, 291 S.W.2d 582 (1956).

Under the above cases one of the requirements necessary to support the doctrine of "inconsistent position" is that the party to be estopped must have assumed, either in the same or former litigation, a position inconsistent with the one the party now assumes. In *Johnston v. Cincinnati, N. O. & T. P. Railway Company,* supra, the words used were, "deliberately taken a position."

The Appellees rely upon the case of *Hodges v. Hale,* 20 Tenn.App. 233, 97 S.W.2d 454 (1936). In this case Ida Mae Hale and Helen Hodges filed an action to contest the will of Mary Elizabeth Hodges upon the issue of devisavit vel non. In a prior action Ida Mae Hale and Helen Hodges, as complainants, had filed a bill in chancery seeking a construction of this will. In this chancery action the execution and probate of the will was alleged

but the bill did not expressly allege the validity of the will. The court said:

> We do not think sound practice would permit parties to prosecute to a final adjudication a suit to construe a will and declare the rights of the parties thereunder, assuming it to be valid, and then institute a proceeding to have the will declared void for fraud and undue influence perhaps, rendering useless the work of the court in the first proceeding. We think the prosecution of such a proceeding to final decree, entailing expense to adversaries and delaying the final distribution of the estate, precludes the adult parties to the first proceeding from later contesting the will. We concur in the holding of the circuit judge that contestants Ida Mae Hale and Helen Hodges are precluded from maintaining the petition to contest by the application of the doctrines of estoppel in pais and judicial estoppel. 20 Tenn.App. 233, 97 S.W.2d 454.

The holding in *Hodges v. Hale,* supra is supported by the doctrine of "inconsistent position." In this case the parties estopped had, in the previous action to construe the will, taken a position the will was valid. The fact, in the bill to construe the will, the parties bringing the action did not expressly allege the validity of the will is of no importance. The court would assume, as to parties bringing such action, that they were asking the court to construe a valid will. To hold otherwise would allow such parties to in effect "play with the court."

■■ In final analysis the decision in the case *sub judice* will turn on whether Appellant, by allowing a pro confesso to be entered against her in the will construction case, assumed a position in that action inconsistent with her position in the action contesting the will. We do not

think so. The legal effect of the pro confesso is to admit the allegations of the bill. T.C.A. sec. 21-502. This would not amount to taking a position on the validity of the will as to later estop her from alleging the invalidity of the will.

The judgment is reversed and the cause remanded.