# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 23, 2012 Session

## JONATHAN W. STEPHENSON v. RICKY BELL, WARDEN

**Appeal from the Circuit Court of Davidson County**
**No. 10C-2791     Thomas W. Brothers, Judge**

---

**No. M2011-01562-CCA-R3-HC - Filed June 20, 2012**

---

Jonathan W. Stephenson ("the Petitioner") filed for habeas corpus relief, challenging his convictions for first degree murder and conspiracy to commit first degree murder. Following a hearing, the habeas corpus court dismissed the petition on the merits, and this appeal followed. On appeal, the Petitioner argues that his judgment is facially void because his 1994 guilty plea rendered his 1990 jury conviction a nullity. After a thorough review of the record and the applicable law, we hold that the Petitioner's first degree murder conviction stems not from the 1994 guilty plea but from the 1990 jury verdict that was affirmed on direct appeal. Accordingly, the 2002 judgment sentencing the Petitioner to death on his underlying jury conviction for first degree murder was not facially void. Therefore, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Andrew N. Egan, Hermitage, Tennessee, for the appellant, Jonathan W. Stephenson.

Robert E. Cooper, Jr., Attorney General & Reporter; and Deshea Dulaney Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

In 1990, a Cocke County jury returned a guilty verdict against the Petitioner on one count of first degree premeditated murder and one count of conspiracy to commit first degree murder. At the sentencing phase, the jury returned a sentence of death on the murder

conviction. The trial court sentenced the Petitioner to twenty-five years on the conspiracy conviction and ordered that it run consecutively to the death sentence. The Tennessee Supreme Court affirmed both convictions but found that the jury charge at sentencing was misleading in that it omitted the "beyond a reasonable doubt" standard language. See State v. Stephenson, 878 S.W.2d 530, 556 (Tenn. 1994). Accordingly, the Court remanded the case only for resentencing of both the murder and conspiracy convictions. See id. at 556-57.

On remand in 1994, the Cocke County Circuit Court prepared to conduct a sentencing hearing before a jury. Shortly before the commencement of the hearing before the jury, the State announced that it had reached an agreement with the Petitioner regarding the Petitioner's sentences. The agreed upon sentences were life without parole for the first degree murder conviction and sixty years to be served consecutively at sixty percent for the conspiracy conviction. Importantly, before the trial court accepted the agreement, the Defendant also pled guilty to the convicted offenses. The court then addressed the Defendant in a guilty plea proceeding and accepted the guilty pleas and the sentencing agreement. The judgment order contained check marks next to "pled guilty," "found guilty," and "jury trial," and the judgment sentenced the Petitioner according to the agreement.

In 1998, the Petitioner sought habeas corpus relief, asserting that his sentence of life without parole was illegal. The Johnson County Criminal Court dismissed the petition, and this Court affirmed the dismissal. See Jonathan Stephenson v. Howard Carlton, Warden, No. 03C01-9807-CR-00255, 1999 WL 318835, at *3 (Tenn. Crim. App. May 19, 1999). Our supreme court, however, held that the sentence of life without parole was illegal because, at the time the offense was committed, life without parole did not exist as an available statutory sentence for the offense of first degree murder. See Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000). Based upon this holding, the Tennessee Supreme Court granted habeas corpus relief as to the sentence of life without parole and again remanded the case to the trial court. See id. Upon remand, the Cocke County Circuit Court held a new sentencing hearing. At the conclusion of this hearing, the jury sentenced the Petitioner to death for the murder conviction. The sentence was affirmed on appeal. See State v. Stephenson, 195 S.W.3d 574, 607 (Tenn. 2006); State v. Jonathan Stephenson, No. E2003-01091-CCA-R3-DD, 2005 WL 551938, at *27 (Tenn. Crim. App. Mar. 9, 2005).

On June 16, 2004, the Petitioner filed another petition for habeas corpus relief in the Davidson County Criminal Court. In this petition, he argued that the Cocke County Circuit Court lacked jurisdiction to re-sentence the Petitioner because the Criminal Court in Johnson County failed to transfer the case to Cocke County. Additionally, the Petitioner asserted that his jury verdict for first degree murder was nullified by his guilty plea which he entered for the same offense. Moreover, he argued that, because the Tennessee Supreme Court held that the sentence agreed upon was illegal, he should have been permitted to withdraw his guilty

plea. The Davidson County Criminal Court granted the Petitioner's motion to voluntarily withdraw his petition and, accordingly, dismissed the petition by order on August 17, 2006. The same court, however, then entered an order dismissing the Petitioner's habeas corpus petition on the merits on August 22, 2006. The Petitioner did not appeal the August 22, 2006 order.

On June 22, 2010, the Petitioner filed the instant petition for habeas corpus relief in the Davidson County Circuit Court. As the Petitioner's bases for relief, he argued that the Cocke County Circuit Court lacked jurisdiction to reinstate a "previously waived" jury conviction and that the State violated the plea agreement by seeking the death penalty on the second remand. The State moved to dismiss the petition. After hearing the arguments of counsel, the Davidson County Circuit Court dismissed the petition, holding that the Petitioner's judgment was not facially void. The Petitioner timely appealed.

## Analysis

As a threshold matter, we must determine whether the Petitioner waived the opportunity to assert the present issues in his habeas corpus petition. The State contends that the Petitioner argued the same two issues in his June 16, 2004 habeas corpus petition, at which point the trial court denied relief. Furthermore, because he failed to appeal the trial court's denial, the State asserts that the Petitioner waived later adjudication of those issues.

The Petitioner's reply brief asserts that his 2004 habeas corpus petition did not raise the issue of the void jury verdict. Moreover, to the extent the Petitioner's attorney argued this issue in a later memorandum of law, this attorney did so without amending the pleadings, and, thus, the Petitioner asserts that counsel's arguments were moot. In his reply brief, the Petitioner referenced an order dated August 17, 2006, dismissing the Petitioner's habeas corpus petition as a result of the Petitioner's motion to withdraw his petition. The State, in response, moved this Court to strike the Petitioner's reply brief, asserting that the Petitioner failed to include the August 17, 2006 order in the record and that he cannot present new evidence on appeal. The Petitioner responded, asking this Court to strike only the portions of the reply brief that reference the August 17, 2006 order. Additionally, the Petitioner moved this Court to correct the record to include the August 17, 2006 order, asserting that the record's omission of this order was the result of a clerical error.

Based on the necessity of the August 17, 2006 order to understand this case's procedural history, we previously ordered that the record be supplemented to include that order. Upon review, the August 17, 2006 order appears to conflict with the August 22, 2006 order. The August 17 order grants the Petitioner's motion to withdraw his petition for habeas corpus relief and therefore dismisses the petition without considering the merits. However,

the August 22 order dismisses the Petitioner's petition on the merits. Both orders were signed by the trial court. If the August 22 order dismissed the Petitioner's claims on the merits, then his issues before this Court would be waived. On the other hand, if the August 17 order, in fact, granted the Petitioner's motion to withdraw his petition, that court lacked the ability to later dismiss the case on the merits, and the Petitioner's present issues before this Court would not be waived. Although the orders conflict with one another, we find it unnecessary to resolve this conflict. For purposes of this appeal, we will assume that the issues raised by the Petitioner are not waived.

As a result, we now address the Petitioner's substantive issues before this Court. The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. Tennessee statute, however, has governed this right for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner argues that when he pled guilty at the sentencing hearing in 1994 the guilty plea voided the jury convictions rendered in 1990. Moreover, because the guilty pleas arguably voided the jury verdicts, when the Tennessee Supreme Court remanded the case for

a third sentencing hearing, the Petitioner contends that he should have been permitted to withdraw his guilty plea and either enter into a new plea agreement or proceed to a new trial. Thus, the Petitioner asserts that the trial court lacked jurisdiction to resentence him to death and, accordingly, sentenced him illegally.

The State argues that the Cocke County Circuit Court lacked jurisdiction to accept the Petitioner's guilty plea, and, thus, the guilty plea was void. Furthermore, the only significance of the 1994 hearing was that the Petitioner entered into a sentencing agreement for the 1990 jury verdicts. Consequently, when the Tennessee Supreme Court overturned the sentence of life without parole and remanded for a third sentencing hearing, the trial court was again in the position of having a standing first degree murder conviction but no sentence for that conviction. Thus, the State asserts that the trial court properly proceeded to a new sentencing hearing before a jury, in which the Petitioner was sentenced to death for his first degree murder conviction.

When the Petitioner appealed the 1990 jury convictions and sentences, our supreme court affirmed the Petitioner's convictions but remanded the case for the purpose of resentencing. See Stephenson, 878 S.W.2d at 557-58. The Tennessee Supreme Court has instructed that "'inferior courts must abide by the orders, decrees and precedents of higher courts.'" Weston v. State, 60 S.W.3d 57, 59 (Tenn. 2001) (quoting State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995)). In other words, "[n]either a trial court nor an intermediate court has the authority to expand the directive or purpose of this Court imposed upon remand." Id.

Here, because the Tennessee Supreme Court affirmed the Petitioner's 1990 jury convictions, the trial court, upon remand, was limited solely to resentencing the Petitioner based on his jury convictions. Thus, the trial court lacked the authority to alter the status of the Petitioner's conviction, and, accordingly, the guilty plea had no legal effect on the underlying jury conviction. Therefore, the 1994 sentencing hearing solely served to facilitate the agreement between the Petitioner and the State as to the Petitioner's sentence. Our supreme court discussed the effect of the Petitioner's 1994 sentence agreement in the separate case of Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006), as follows:

> Thus, we find more to the point this Court's decisions in the Stephenson cases. There, the [Petitioner] was convicted by a jury of first degree murder and sentenced to death. See State v. Stephenson, 878 S.W.2d 530, 534 (Tenn. 1994). On appeal, the [Petitioner's] conviction was affirmed, but his death sentence was reversed and the matter remanded for resentencing. Id. On remand, the [Petitioner] and the State reached an agreement as to the [Petitioner's] sentence. See Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). This agreed-to sentence was, however, illegal. Id. at 912. The

-5-

[Petitioner] later filed for habeas corpus relief and, upon finding the sentence illegal and void, this Court granted relief. Id. *Significantly, we left intact the [Petitioner's] conviction for first degree murder, as it was not the product of a bargained-for, but illegal, sentence.* See State v. Stephenson, 195 S.W.3d 574, 593 (Tenn. 2006) (noting that, although the habeas corpus court on remand entered a final judgment declaring the [Petitioner's] sentence null and void, the [Petitioner's] first degree murder conviction "remained valid and in effect"). The Stephenson cases make clear that, where the illegality infects only the sentence, only the sentence is rendered void and habeas corpus relief may be granted to the extent of the sentence only. In such cases, the underlying conviction remains intact.

Id. (emphasis added). Therefore, we hold that the 1994 guilty plea had no legal effect on the Petitioner's first degree murder conviction because that conviction was the result of the 1990 jury verdict.

The Petitioner next asserts that when the Tennessee Supreme Court provided the Petitioner habeas corpus relief for the illegal sentence of life without parole, the Petitioner's convictions became void and that the Petitioner should have been permitted either to enter into a new plea agreement or to proceed to a new trial. Further, the Petitioner cites McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000), to contend that the proper procedure for the court upon remand following the Tennessee Supreme Court's grant of habeas corpus relief was to "impose a sentence that is mutually agreeable to the State and appellant . . . . [and i]f an agreement is not reached, . . . appellant may withdraw his guilty plea and proceed to trial on the original charges." Id. McConnell, however, only would control if the conviction was the product of an illegal, bargained-for sentence. See Smith, 202 S.W.3d at 129-130.

In the present case, as determined above, the Petitioner's convictions were not the result of the 1994 guilty plea but the 1990 jury verdicts. Furthermore, and very importantly, when our supreme court held that the Petitioner's sentence of life without parole was illegal, the Court expressly stated that the holding did not "affect the [Petitioner's] separate conviction and 60-year sentence for the offense of conspiracy to commit first-degree murder." Stephenson, 28 S.W.3d at 911. Moreover, the Petitioner's conviction for murder "remained valid and in effect." See Stephenson, 195 S.W.3d at 593. On remand, the Petitioner was again left with a conviction for first degree murder. The only remaining issue to be determined was the appropriate sentence. The trial court properly conducted a new sentencing hearing for the Petitioner before a jury. That new jury again sentenced the Petitioner to death.

Finally, the Petitioner asserts that under the doctrines of collateral estoppel, judicial estoppel, and res judicata, the State is barred from "taking positions contrary to the position [the State] maintains on the conspiracy conviction." Collateral estoppel "bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding." Mullins v. State, 294 S.W.3d 529, 534 (citations omitted). When, in an earlier proceeding involving the same parties, such an issue has been "actually and necessarily determined," the determination from the prior proceeding "is conclusive against the parties in subsequent proceedings." Id. (citing King v. Brooks, 562 S.W.2d 422, 424 (Tenn. 1978); Shelley v. Gipson, 400 S.W.2d 709, 711-12, 714 (Tenn. 1966)).

By contrast, judicial estoppel is a doctrine that "is applicable only when a party has attempted to contradict by oath a sworn statement previously made." Cracker Barrel Old Country Store, Inc. v. Epperson, 284 S.W.3d 303, 315 (Tenn. 2009) (citing Allen v. Neal, 396 S.W.2d 344, 346 (Tenn. 1965)). Lastly, res judicata, otherwise known as claim preclusion, "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." Creech v. Addington, 281 S.W.3d 363, 376 (Tenn. 2009) (citing Massengill v. Scott, 738 S.W.2d 629, 631) (Tenn. 1987)) (other citation omitted).

The Petitioner has failed to cite any applicable authority in support of his arguments on this issue. Thus, the Petitioner utterly has failed to establish how any of these three doctrines apply to the present case. Therefore, we conclude that this issue is without merit.

## Conclusion

For the foregoing reasons, we affirm the decision of the habeas corpus court dismissing the Petitioner's habeas corpus petition.

_____
JEFFREY S. BIVINS, JUDGE