IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 10, 2015 Session

## LISA GAY LOVE v.
## FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 1781833     Michael W. Moyers, Chancellor**

**No. E2014-01649-COA-R3-CV-FILED-MAY 18, 2015**

This appeal arises from a foreclosure on a deed of trust.  Lisa Gay Love ("Love") sued Federal National Mortgage Association ("FNMA"), SunTrust Mortgage, Inc. ("SunTrust"), and Self Help Ventures Fund ("Self Help") ("Defendants," collectively) in the Chancery Court for Knox County ("the Trial Court") alleging that the foreclosure of her home was wrongful.[1]  Defendants filed a motion for summary judgment asserting that Love had defaulted on her mortgage, that SunTrust had exercised its power under the deed of trust to foreclose, and that FNMA had obtained a final judgment in an earlier detainer action.  Love, in turn, argued that, because FNMA was not named on the deed at the time of the detainer action, FNMA lacked standing and the detainer judgment is void. The Trial Court granted Defendants' motion for summary judgment, holding that Defendants had established *res judicata*.  Love appeals.  We hold that the judgment in the detainer action is a final judgment, that we will not revisit the issue of FNMA's standing in that suit, and that *res judicata* bars Love's claims.  We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

J. Myers Morton, Knoxville, Tennessee, for the appellant, Lisa Gay Love.

J. Matthew Kroplin, Nashville, Tennessee, for the appellees, Federal National Mortgage Association, SunTrust Mortgage, Inc., and Self Help Ventures Fund.

---

[1] Love also sued Nationwide Trustee Services, Inc. ("Nationwide").  Nationwide later was dismissed from the suit and is not a party on appeal.

Terry Woods, Knoxville, Tennessee, for amicus curiae Legal Aid of East Tennessee.


## OPINION

## Background

In 2005, SunTrust loaned Love $86,500.00 to finance her home, where she lives with her grandchildren. The loan was evidenced by a promissory note and deed of trust secured by the real property. Love thereafter became disabled and subsequently defaulted on the loan. In 2009, Love contacted SunTrust's "loss mitigation" program for help. Love remained unable to cure the default. Later in 2009, SunTrust appointed Nationwide as successor trustee under the deed of trust. A foreclosure was scheduled and postponed, and this procedure carried on for some time.

Eventually, in February 2010, Nationwide, the successor trustee, conducted a foreclosure sale. FNMA purchased the property. Due apparently to a mistake, Self Help rather than FNMA was listed on the deed as the purchaser. In March 2010, FNMA filed a detainer warrant against Love in Knox County General Sessions Court. In April 2010, the General Sessions Court entered an agreed judgment awarding possession of the property to FNMA, notwithstanding the error with the deed. Love did not appeal. Self Help went on to execute a quitclaim deed to FNMA.

In July 2010, Love filed the present case in the Trial Court. Love asserted that SunTrust misled her into believing she could avoid foreclosure. Love also alleged that FNMA had lacked standing to bring the detainer action in General Sessions Court because it was not the title holder due to a mistake made during transfer in the foreclosure sale. By consent of the parties, Nationwide later was dismissed as a defendant. Defendants jointly filed a motion for summary judgment. Among other things, Defendants raised the affirmative defense of *res judicata*. According to Defendants:

> [E]ven if issues of fact had ever existed regarding the validity of the foreclosure, they are now moot by the fact that FNMA obtained judgment in a detainer warrant proceeding following the foreclosure and that judgment is *res judicata* as to the validity of the foreclosure, and bars a separate action to challenge it.

Love, in turn, argued that FNMA lacked legal standing to pursue the detainer action, that Self Help was the real purchaser, and that the General Sessions Court therefore lacked

subject matter jurisdiction to decide the case. The Trial Court granted Defendants' motion for summary judgment in an order which we now quote from, in part:

Plaintiff's reasoning is as follows. Because defendant FNMA was not listed as the owner on the deed of trust assigned at the April 6 foreclosure sale, it lacked standing to bring the detainer action in General Sessions Court. And because FNMA lacked standing to bring the suit in General Sessions Court, that court lacked subject matter jurisdiction to decide the matter. As a result, the final judgment of the General Sessions Court is void and cannot be used as a basis to assert the defense of res judicata in this subsequent case.

The recent case of *Boyce v. LPP Mortgage Ltd.*, 2013 Tenn. App. LEXIS 748 (Tenn. Ct. App., November 20, 2013) is instructive in the present case because the facts are virtually identical to the present set of facts. In *Boyce*, the defendant had previously filed a detainer warrant in the General Sessions Court to repossess property from the plaintiffs on which the plaintiffs had defaulted. During the detainer hearing, the plaintiffs did indeed raise the defense that the defendant was not the rightful titleholder to the property and should not be allowed to bring the action for repossession of the property. The defendant argued in front of the General Sessions Court that the court had no authority to review the state of title, and the General Sessions Court agreed with defendant's argument. Therefore, the General Sessions Court awarded defendant possession of the property.

Thereafter, the plaintiffs did not properly appeal the decision of the General Sessions Court to the Circuit Court for judicial review, and the decision of the General Sessions Court became final. Instead, the plaintiffs filed a separate action in the Chancery Court to determine whether the defendant was the proper titleholder. The Chancery Court determined that once the judgment of the General Sessions Court became final, the doctrine of res judicata barred the plaintiffs from attempting to raise the issue of title a second time.

There is one key difference between the situation in *Boyce* and the present case: the plaintiffs in *Boyce* raised the issue of title in their initial case. In the present case, plaintiff Love did not raise the issue of title or standing in the detainer hearing before the General Sessions Court. However, this difference in fact does not render the doctrine of res judicata inapplicable . . . There is no doubt that the issue of standing and title could have been litigated in the detainer action before the General Sessions Court.

*Boyce* is clear on this point. The plaintiff had an opportunity to properly appeal the decision of the General Sessions Court to the Circuit Court for review. The plaintiff did not do so. Thereafter, the judgment of the General Sessions Court became final. Issues arising out of claims litigated or that could have been litigated in the General Sessions case, from the moment the judgment became final, were barred by the doctrine of res judicata from being litigated a second time . . . .

\*\*\*

Plaintiff has filed a new lawsuit in another court, but, in essence, plaintiff is attempting to appeal the decision of the General Sessions Court in a separate action in Chancery. Such an appeal is improper. . . .

\*\*\*

Accordingly, the Court concludes that the defendants have conclusively established the affirmative defense of res judicata . . . .

(Citations omitted). The Trial Court also granted summary judgment to Defendants regarding Love's Tennessee Consumer Protection Act claims. Love filed a motion to alter or amend judgment, which was denied. In the meantime, the Trial Court enjoined Defendants from evicting Love from her home pending appeal of the Trial Court's decision. Love timely filed an appeal with this Court.

## Discussion

We restate the issue Love raises on appeal as the following issues: 1) whether the Trial Court erred in holding that Love's claims are barred by *res judicata*; 2) whether the Trial Court erred by holding that *res judicata* applied when an injunction was in effect; and, 3) whether a consent order entered in proceedings before the Board of Governors of the Federal Reserve System regarding certain of SunTrust's alleged practices has any bearing in the present case.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the

Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n. 5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

We first address whether the Trial Court erred in holding that Love's claims are barred by *res judicata*. Love argues on appeal that FNMA cannot invoke *res judicata* when FNMA lacked color of title during the detainer proceedings. FNMA only corrected

this error after the detainer proceedings.  Defendants argue in response that Love could have raised the issue of standing in the detainer proceedings and cannot now revisit the issue of standing in a separate lawsuit.  This Court has discussed extensively *res judicata* in the context of detainer actions as follows:

> "The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).  The purposes of the res judicata doctrine are "to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009).  The doctrine is grounded in the public policy principle that "litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." *Id*. (quoting *Jordan v. Johns*, 79 S.W.2d 798, 802 (Tenn. 1935)).  As the Supreme Court has recently instructed,
>
>> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.
>
> *Jackson*, 387 S.W.3d at 491.
>
> The issue presented here has been recently addressed and decided by this court in the case of *Davis v. Williams*, No. E2010-01139-COA-R3-CV, 2011 WL 335069 (Tenn. Ct. App. E.S., filed Jan. 31, 2011).  In *Davis*, a case involving a practically identical fact pattern, we addressed "whether the judgment rendered by the general sessions court in the unlawful detainer action can be given *res judicata* effect to preclude the present action when the fraud alleged in this present action could only have been raised in the general sessions court as a defense to possession and not as an original claim to set aside the foreclosure sale." *Id*. at *2 (italics in original).  We stated the following in *Davis*:

The Sellers maintain ... that since wrongful or fraudulent foreclosure could have been raised as a defense in the unlawful detainer action, but was not, it cannot now be the basis of a new action. The Buyers concede that they "could have asserted a defense of wrongful foreclosure; however, as in [ *CitiFinancial Mortgage Company, Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289 (Tenn. Ct. App. W.S., filed Jan. 11, 2007) ], [the Buyers] did not." The Buyers maintain that even though the general sessions court could have denied the Sellers possession based on the defense of wrongful possession, its inability to set aside the foreclosure and vest title in them rather than the Sellers means that its judgment does not have preclusive effect.

We disagree with the Buyers. The courts of this state have consistently applied the doctrine of *res judicata* "to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions." *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006).

*Id*. at *2 (italics in original). We held that "[t]here is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure." *Id*. at *3 (citing *Beasley*, 2007 WL 77289 at *6-7; *Fed. Nat'l Mortgage Ass'n v. Robilio*, No. W2007-01758-COA-R3-CV, 2008 WL 2502114 at *5 (Tenn. Ct. App. W.S., filed June 24, 2008)). We concluded that "[i]n failing to raise these matters concerning fraud in the foreclosure which could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation, the Buyers forfeited their opportunity to assert fraud under the doctrine of *res judicata*." *Davis*, 2011 WL 335069 at *3-4 (quoting *Gerber*, 219 S.W.3d at 918) (italics in original; brackets in original omitted). Our rationale for this conclusion was as follows:

It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes *res judicata* and may not again be litigated

in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action whether the subsequent action involves the same or a different form or proceedings, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief....

*Id.* at *3 (quoting *Gerber*, 219 S.W.3d at 919). We recently reiterated and applied these principles in *CitiMortgage, Inc. v. Drake*, No. E2012-00722-COA-R3-CV, 2013 WL 655914, at *9 (Tenn. Ct. App. E.S., filed Feb. 21, 2013), another case involving an unsuccessful challenge to a foreclosure following an unlawful detainer action in general sessions court.

In the present case, the Fosters argue that because the general sessions court does not have jurisdiction to entertain the question of title acquired through foreclosure, they should not be barred from later challenging the foreclosure in a second, separate action. We considered and rejected the same argument in *Davis*:

The Buyers argue about the general sessions court's jurisdiction, but, as we have illustrated above, it had subject matter jurisdiction of the detainer action. It was competent in the detainer action to consider title as a challenge to the Sellers' right to possession. The Buyers understandably argue that the cause of action in the present action is not the same as in the detainer action. However, the Tennessee Supreme Court has recently redefined the term "cause of action" broad[ly] enough to connect the detainer action and the present action. There can be no doubt that the detainer action and the present action both arose out of the same transaction or series of connected transactions.

*Davis*, 2011 WL 335069, at *4 (citation omitted). Similarly, in this case, the unlawful detainer action filed by FNMA and decided by the general sessions court—an action that could have been appealed and heard de novo by the circuit court, but was not—and this second action, including all claims asserted by the Fosters, each of which is based on or pertaining to

-8-

the alleged wrongful foreclosure, arose out of the same series of connected transactions.

*Foster v. Federal Nat. Mortg. Ass'n*, No. E2012-02346-COA-R3-CV, 2013 WL 3961193, at **2-4 (Tenn. Ct. App. July 31, 2013), *no appl. perm. appeal filed*.

It is therefore clear from the relevant case law that the doctrine of *res judicata* may serve to preclude a challenge to foreclosure when a final judgment in a previous adjudication of that same foreclosure has been rendered in general sessions court. Nevertheless, Love argues that this case is different because of FNMA's lack of title during the detainer proceedings. We previously have discussed the issue of standing as it relates to *res judicata*:

Barker Building and Travelers attempt to circumvent any *res judicata* effect of the second lawsuit by claiming they really should not have filed the second lawsuit because they lacked standing to do so until Smith Mechanical's lien was satisfied via the Performance Bond. They make this argument even though they previously admitted, and quite properly so, that the Trial Court in the second lawsuit had subject matter jurisdiction and there otherwise was no barrier to the Trial Court's granting any type of relief requested. We do not believe it appropriate to disregard the *res judicata* effect of a final judgment on the merits because years later the plaintiffs in that action now claim that they really should not have filed that lawsuit to begin with. The short answer to that argument is that they did, and an alleged lack of standing by the plaintiffs is not a proper basis upon which to allow those same plaintiffs later to challenge the validity of the second lawsuit. We again note that to the extent the second lawsuit should not have been filed as a separate lawsuit, Barker Building and Travelers are responsible for that error and any attendant effects arising therefrom.

*Smith Mechanical Contractors, Inc. v. Premier Hotel Development Group*, 210 S.W.3d 557, 567-68 (Tenn. Ct. App. 2006).

While the specific scenario in *Smith Mechanical Contractors, Inc.* is distinguishable from the present case, we believe the reasoning is sound. In this case, there was a final judgment from the General Sessions Court entered in favor of FNMA against Love. The four elements of *res judicata* are met: 1) a court of competent jurisdiction, the Knox County General Sessions Court, rendered a final judgment; 2) the same parties are involved; 3) the same cause of action exists; and 4) the detainer judgment was final and on the merits. We decline to revisit the issue of FNMA's

standing in this separate action, or to carve out in this opinion a special exception to *res judicata* in foreclosure cases. We understand that pro se litigants face challenges in navigating general sessions courts. Nevertheless, the rulings in *Foster* and other similar cases reflect the importance placed on the finality of judgments. We affirm the Trial Court's holding that *res judicata* bars Love's claims.

We next address whether the Trial Court erred by holding that *res judicata* applied when a temporary injunction was in effect. The injunction referred to by Love is that which restrained FNMA temporarily from executing its writ of possession. Love cites Tennessee law supporting the proposition that enjoined judgments may not serve as the basis for *res judicata*. This Court has stated the following concerning injunctions and *res judicata*:

> There are cases, such as the present case, wherein it is evident that the former judgment was rendered without intent that it be a final adjudication, where the former judgment has been effectively suspended by injunction, and where the blind application of the doctrine would effectively deprive a litigant of a just opportunity to present his grievances. In such cases, the court is justified in declining to apply the doctrine of res judicata.

*Batey v. D. H. Overmyer Warehouse Co.*, 446 S.W.2d 686, 690 (Tenn. Ct. App. 1969).

We, however, disagree with Love on the applicability of *Batey*. In the present case, it cannot be said that the judgment in the detainer action was "effectively suspended." The judgment was final and on the merits, notwithstanding an injunction merely to postpone eviction of Love temporarily. There is no indication in the record that the judgment in the detainer action was intended to be non-final. Additionally, despite the challenges ordinary litigants like Love may face in general sessions court, Love did have the opportunity to present her grievances. Given this, we hold that the injunction does not preclude a holding of *res judicata*.

The final issue we address is whether a consent order entered in proceedings before the Board of Governors of the Federal Reserve System regarding certain of SunTrust's alleged practices has any bearing in the present case. As best we can determine, this consent order reflects efforts by SunTrust to take steps in settlement of claims brought by the Board of Governors. We fail to see how this consent order has any particular relevance in the appeal before us. Therefore, insofar as this issue purports to assert any error by the Trial Court or any basis on which to modify its judgment, we find none.

In summary, we find and hold that no genuine issues of material fact exist to preclude summary judgment in this case. Defendants successfully established *res judicata* based upon the final judgment in the detainer proceedings before the General Sessions Court. FNMA's alleged lack of standing may not be raised tardily now in an attempt to nullify that final judgment. We affirm the judgment of the Trial Court in its entirety.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Lisa Gay Love, and her surety, if any.

_____
D. MICHAEL SWINEY, JUDGE